UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

PAULITA CORONADO, Individually and   §
on Behalf of All Others Similarly Situated,   §
  §
    Plaintiffs,   §
  §    CIVIL ACTION NO. 4:13-cv-02179
v.   §
  §    JURY TRIAL DEMANDED
D N.W. HOUSTON, INC. D/B/A GOLD   §
CUP, ALI DAVARI, and HASSAN   §
DAVARI,   §
  §
    Defendants.   §

**PLAINTIFF'S RESPONSE TO DEFENDANT D N.W. HOUSTON, INC'S D/B/A GOLD
CUP'S  MOTION FOR LEAVE TO FILE COUNTERCLAIMS**

# I.    TABLE OF CONTENTS

I.    TABLE OF CONTENTS .................................................................................................. ii

II.   TABLE OF AUTHORITIES .......................................................................................... iii

III.  SUMMARY .................................................................................................................... 1

IV.   STANDARD .................................................................................................................... 2

V.    ARGUMENT & AUTHORITY ....................................................................................... 3

　　1.  Gold Cup's Counterclaims all seek the same relief, a set-off of its minimum wage obligations under the FLSA. Employers cannot assert such counterclaims in cases involving only FLSA claims. ........................................................................................................... 3

　　2.  Gold Cup failed to sufficiently plead facts that plausibly suggest an agreement was breached by the Plaintiffs. ......................................................................................................... 6

　　3.  Under no legal circumstance could Gold Cup prevail on its counterclaim because it is based on a legal impossibility. ...................................................................................................... 7

　　4.  Gold Cup's counterclaim for promissory estoppel is futile because it  unreasonably relied on an illegal contract. ................................................................................................................ 7

　　5.  Gold Cup cannot prevail on its cause of actions for money had and received and unjust enrichment. ................................................................................................................................ 9

　　6.  Defendant's Declaratory Judgment for Reformation of Independent Contractor Agreement should be denied as there is no jurisdiction, it is improperly pled, it is not ripe, and it is futile. 10

　　　　a.  There is no jurisdiction to hear the reformation claim as there is no diversity of jurisdiction and the claim for reformation arises under state law, not federal. ..................... 10

　　　　b.  Defendant's Declaratory Judgment is not properly pled. ........................................... 12

　　　　c.  There is no a case or controversy because this court has not ruled on the validity of the Independent Contractor Agreement. .................................................................................. 13

　　　　d.  Defendant's request for a declaratory judgment for reformation of the Independent Contractor Agreement is futile because courts cannot reform illegal contracts. .................. 14

　　7.  Defendant's claims are not "compulsory counterclaims" under Rule 13 because they are not "mature." .................................................................................................................................. 15

VI.   CONCLUSION ............................................................................................................... 16

## II.    TABLE OF AUTHORITIES

**Cases**

*Accardo v. Am. First Lloyds Ins. Co.,* CIV.A. H-11-0008, 2012 WL 1576022 (S.D. Tex. May 3, 2012)..................................................................................................................13, 14

*Araiza v. Chapa*, 319 S.W.2d 742 (Tex. Civ. App.--San Antonio 1958, writ ref'd n.r.e.)............10

*Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009)...............................................................................................2

*Barrentine v. Arkansas-Best Freight Sys., Inc.,* 450 U.S. 728, 740 (1981)......................................15

*Brennan v. Heard*, 491 F. 2d 1 (5th Cir. 1974), *overruled on other grounds, McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988) ............................................................................1, 3

*Brown v. Chevron Phillips Chem. Co., LP*, CIV.A. H-11-2896, 2013 WL 5496827  (S.D. Tex. Sept. 30, 2013)..........................................................................................................13, 14

*Brush v. Wells Fargo Bank, N.A.,* 911 F. Supp. 2d 445 (S.D. Tex. 2012)....................................8

*Burlington Northern Railroad Co. v. Strong,* 907 F.2d 707 (7th Cir.1990)..................................16

*City of Huntsville v. City of Madison*, 24 F.3d 169 (11th Cir. 1994)............................................11

*Clardy Mfg. Co. v. Marine Midland Bus. Loans Inc.,* 88 F.3d 347 (5th Cir. 1996) .....................8

*Columbia Gas transmission Corp. v. Drain*, 237 F.3d 366 (4th Cir. 2001)...................................12

*Crews v. Elite Coil Tubing Solutions, LLC*, 6:13-CV-00020, 2013 WL 6252697 (S.D. Tex. Nov. 26, 2013)....................................................................................................................4

*Donovan v. Pointon*, 717 F.2d 1320 (10th Cir. 1983) .....................................................................3

*Ellen v. F.H. Partners, LLC*, 03-09-00310-CV, 2010 WL 4909973  (Tex. App.—Austin Dec. 1, 2010, no pet.) ..........................................................................................................8

*George-Baunchand v. Wells Fargo Home Mortg., Inc.*, CIV.A. H-10-3828, 2011 WL 6250785 (S.D. Tex. Dec. 14, 2011)................................................................................................8

*Gulf States Paper Corp. v. Ingram*, 811 F.2d 1464 (11th Cir.1987)..............................................10

*Halliburton Co. Benefits Comm. v. Mem'l Hermann Hosp. Sys.,* CIV.A. H-04-1848, 2006 WL 148901  (S.D. Tex. Jan. 19, 2006) .............................................................................10, 11

*Haub v. Axon Downhole Tools, Inc.*, CIV.A. H-12-3658, 2013 WL 6731937 (S.D. Tex. Dec. 19, 2013)..............................................................................................................................9, 15

*Household Bank v. JFS Group,* 320 F.3d 1249 (11th Cir.2003) ..................................................10

*In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997) ....................................2

*Johnson v. McLeish*, No. 05-94-01673-CV, 1995 WL 500308  (Tex. App. -- Dallas Aug. 23, 1995)............................................................................................................................9

*Jones, et al. v. JGC Dallas, LLC*, et al. Cause No. 3:11-cv-27430-O ...........................................4

*Karna v. BP Corp. N. Am., Inc.,* CIV.A. H-12-0101, 2013 WL 1155485  (S.D. Tex. Mar. 19, 2013)..............................................................................................................................8

*Liu v. Yang,* 69 S.W.3d 225 (Tex. App.—Corpus Christi 2001, no pet.) ....................................12

*Marshall v. Wallace Oil Co., Inc.,* 1980 WL 2101; 24 Wage & Hour Cas. 1059 (N.D. Ga. 1980) 3

*Martin v. PepsiAmericas, Inc.*, 628 F.3d 738 (5th Cir. 2010) .......................................................3

*MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118 (2007) .........................................................13

*Mohammadi v. Nwabuisi*, 2014 WL 29031 (W.D. Tex. Jan. 2, 2014) ...........................................4

*Ohio Nat. Life Assur. Corp. v. Riley-Hagan*, CIV.A. H-08-2285, 2008 WL 5158089 (S.D. Tex. Dec. 9, 2008)....................................................................................................................12

*Packard v. OCA Inc.*, 624 F.3d 726 (5th Cir. Tex. 2010) ...............................................................7

*Packard v. OCA, Inc.*, 4:05CV273, 2009 WL 3172106 (E.D. Tex. Sept. 29, 2009) <u>aff'd,</u> 624 F.3d 726 (5th Cir. 2010)..........................................................................................................15

*Public Water Sup Dist. V. City of Kearney* 401 F.3d 930 (8th Cir. 2005) ...................................14

*Reich v. Circle C. Investments, Inc.,* 998 F.2d 324 (5th Cir. 1993)................................................9

*Rowan Cos., Inc. v. Griffin,* 876 F.2d 26 (5th Cir.1989)...........................................................13

*Scottish Heritable Trust, PLC v. Peat Marwick Main & Co.,* 81 F.3d 606 (5th Cir. 1996)...........8

*Shell Oil Co. v. Amoco Corp.,* 970 F.2d 855 (Fed. Cir. 1992) ....................................................14

*Sherwin-Williams Co. v. Holmes County,* 343 F.3d 383 (5th Cir.2003).....................................11

*Stuart Weitzman, LLC v. Microcomputer Res., Inc.,* 542 F.3d 859 (11th Cir. 2008) ............ 10, 11

*Tex. Cent. Business Lines Corp. v. City of Midlothian,* 669 F.3d 525 (5th Cir.2012)................13

*Twombly v. Bell Atlantic Corp.,* 550 U.S. 544 (2007) ..................................................................2

*Villanueva v. Gonzalez,* 123 S.W.3d 461 (Tex. App.—San Antonio 2003, no pet.)...................15

*Vlasek v. Wal-Mart Stores, Inc.,* CIV.A. H-07-0386, 2008 WL 167082 (S.D. Tex. Jan. 16, 2008)
    ......................................................................................................................................2

*Wheeler v. White,* 398 S.W.2d 93 96-97 (Tex. 1965) .................................................................9

*Willins v. Credit Solutions of America, Inc.,* 2010 WL 624899 (N.D. Tex 2010) .......................5

*Wilton v. Seven Falls Co.,* 515 U.S. 277 (1995) .......................................................................11

**Statutes**

28 U.S.C. § 2201(a) ...................................................................................................................13

29 U.S.C.A. § 206......................................................................................................................8

29 U.S.C.A. § 207......................................................................................................................8

Rule 13(a)(1)..............................................................................................................................15

**Other Authorities**

48A Am. Jur. 2d *Labor and Labor Relations* § 4588 (2004). ......................................................4

Paulita Coronado, on behalf of herself and on behalf of all others similarly situated, ("Plaintiff") files this response opposing Defendant's Motion for Leave to file Counterclaims (Doc. 14), and respectfully states as follows:

## III.   SUMMARY

Plaintiff was employed as a dancer at D N.W. Houston, Inc. d/b/a Gold Cup ("Gold Cup"), an adult entertainment nightclub in Texas.   On July 25, 2013, Plaintiff filed a putative collective action against her employer alleging the club misclassified her as an independent contractor and denied her minimum wages and overtime pay in violation of the Fair Labor Standards Act ("FLSA"). (*See* Doc. No. 1).   On January 17, 2014 Defendant requested leave to file the following counterclaims against Plaintiff and future opt-in plaintiffs: (1) Breach of Contract, (2) Declaratory Judgment for Reformation of Independent Contractor Agreement, (3) Promissory Estoppel, (4) Unjust Enrichment, and (5) Money Had and Received. (*See* Doc. 15).

Defendant failed to state counterclaims upon which relief can be granted.   First, the Fifth Circuit has clearly established that employers are not permitted to file counterclaims against employees exercising their rights under the FLSA because such claims deprive them of their right to minimum wage free and clear.[1] All five of Defendant's claims seek the same prohibited result—off set of Plaintiff's minimum wages—and, therefore, must be dismissed.   Second, even if such claims were permissible, Defendant's counterclaims are not mature, but instead they are conditioned on an alleged breach which has yet to occur.   Defendant's allegations of anticipatory breach do not equate to an actual breach of agreement. All of the counterclaims are conditioned on Plaintiff prevailing.   Defendant does not have a claim for affirmative relief that could be sought in the absence of Plaintiff prevailing.   As such, no claim exists at the time of filing.

---

[1] *Brennan v. Heard*, 491 F. 2d 1, 4 (5th Cir. 1974), *overruled on other grounds, McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988).

Third, Defendant's counterclaims are based on a legal impossibility.  Defendant's counterclaims presuppose plaintiff prevails on her FLSA claim. For Plaintiff to prevail, the central premise of the contract (dancers are independent contractors) which forms the basis of all the counterclaims must be invalid.  If premise is invalid, then the agreement is invalid and Defendant's counterclaims fail as a matter of law.  Lastly, the counterclaims are not compulsory because they are not mature.  For these reasons, Plaintiff asks the court to deny the motion for leave.

## IV.    **STANDARD**

Defendant filed a Motion for Leave and then, without being granted permission to do so, proceeded to file the actual counterclaim.   Instead of filing a 12(b)(6) motion, Plaintiff hereby responds to Defendant's Motion for Leave; however, the overarching argument is that Defendant's claims are "futile" in that, if allowed, they could not survive a 12(b)(6) motion to dismiss. Therefore, while procedurally filed a response to a motion for leave to amend, Plaintiff's arguments are essentially arguments made under Rule 12(b)(6).  "In assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). As this court noted:

> "Denial of leave to amend on the basis of futility is 'premised ... on the court's evaluation of the amendment as insufficient to state a claim....' *Jamieson ex rel. Jamieson v. Shaw,* 772 F.2d 1205, 1209 (5th Cir.1985). A denial on this basis "tends to blur the distinction between analysis of the procedural context under Rule 15(a) and analysis of the sufficiency of the complaint under Rule 12(b)(6)."

*Vlasek v. Wal-Mart Stores, Inc.*, CIV.A. H-07-0386, 2008 WL 167082, *4 (S.D. Tex. Jan. 16, 2008).  Plaintiffs ask the court to apply the pleading principles in *Twombly v. Bell Atlantic Corp.*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) in analyzing

2

Defendant's Motion for Leave to assert its counterclaims.  Putting aside the vague allegations, the counterclaims fail legally for the reasons set forth below.

## V.      ARGUMENT & AUTHORITY

1. **Gold Cup's Counterclaims all seek the same relief, a set-off of its minimum wage obligations under the FLSA. Employers cannot assert such counterclaims in cases involving only FLSA claims.**

Counterclaims like those asserted by Gold Cup are not permitted in response to FLSA claims. The Fifth Circuit explained the rationale for forbidding counterclaims in FLSA cases:

> The FLSA decrees a minimum unconditional payment and the commands of [the FLSA] are not to be vitiated by an employer. . . . [The court's] sole function and duty under the Act is to assure to the employees of a covered company a minimum level of wages. Arguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the [FLSA]. The *only* economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards.  To clutter these proceedings with the minutiae of other employer employee relationships would be antithetical to the purpose of the Act.  Set-offs against back pay awards deprive the employee of the "cash in hand" contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions . . . .

*Brennan v. Heard*, 491 F. 2d 1, 4 (5th Cir. 1974), *overruled on other grounds, McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988) (emphasis added).  The Fifth Circuit affirmed this legal principal recently in *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 741 (5th Cir. 2010) when it held, "[C]ourts have been hesitant to permit an employer to file counterclaims in FLSA suits for money the employer claims the employee owes it" because cluttering FLSA proceedings "with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act." (dismissing breach of contract counter claims).[2]

---

[2] The Tenth Circuit has stated an FLSA claim is enforcement of a public right. Permitting private counterclaims, "real or imagined . . . would delay and even subvert" the goals of the FLSA by further delaying the payment of lawfully owed wages. *Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir. 1983).  Thus, such counterclaims are simply not permitted in FLSA cases. *See Marshall v. Wallace Oil Co., Inc.*, 1980 WL 2101, at *2; 24 Wage & Hour Cas. 1059 (N.D. Ga. 1980) (striking employer's counterclaim for amounts employees borrowed from their

Other adult clubs have likewise attempted to assert counterclaims for breach of contract and unjust enrichment.  Their claims were dismissed.  In *Jones, et al. v. JGC Dallas, LLC*, et al. Cause No. 3:11-cv-27430-O; Doc. No. 94; U.S. Dist. Court N. Dist. Texas, Dallas Division (August 17, 2012), the court dismissed counterclaims made by a chain of nine adult clubs for breach of contract and unjust enrichment under virtually identical facts in this case.  Enforcing *Brennan,* the court held:

> Here, Defendants assert that any potential liability arising from Plaintiffs' claims should be set-off by the value of the dance fees they received under the parties' agreements because Plaintiffs have repudiated or breached those agreements by bringing this lawsuit, and will be unjustly enriched. However, the dance fees sought as a set-off in this case fall under the rule in *Heard,* and not the narrow exception outlined in *Singer.* Because Plaintiffs claim that they were not paid their minimum and overtime wages at all, any set-off allowed would result in their final awards dropping below the statutory minimum. Additionally, the dance fees sought as a set-off do not represent wages pre-paid to Plaintiffs or wage obligations already fulfilled. The dance fees are more akin to the set-off sought in *Martin* because they represent the damages flowing from Plaintiff's alleged repudiation or breach of the parties' agreement in bringing this lawsuit. The breach of contract and unjust enrichment counterclaims for set-offs are not permitted in this FLSA action and should be dismissed without prejudice.

*Id*. at pp. 7-8.

> More recently, when an employer asserted a counterclaim for fraud, this court held:

> Defendants have not alleged that they are attempting to offset unpaid overtime with prepaid wages, which is essentially the only type of counterclaim the Fifth Circuit allows in FLSA cases. Therefore, allowing the Defendants' counterclaim would subvert the Court's purpose in FLSA cases of "assur[ing] to the employees of a covered company a minimum level of wages."

*Crews v. Elite Coil Tubing Solutions, LLC*, 6:13-CV-00020, 2013 WL 6252697, *2 (S.D. Tex. Nov. 26, 2013).  *See also Mohammadi v. Nwabuisi*, 2014 WL 29031 (W.D. Tex. Jan. 2, 2014) (dismissing counterclaims for missing petty cash and an alleged cash advance made to the

---

employer). *American Jurisprudence* summarizes this area of law, stating "an employer may not counterclaim for overpayments or other sums owed by employees where suit . . . [concerns] FLSA violations, including the violation of the minimum wage and overtime compensation provisions." 48A Am. Jur. 2d *Labor and Labor Relations* § 4588 (2004).

plaintiff).  Likewise in *Willins v. Credit Solutions of America, Inc.,* 2010 WL 624899 (N.D. Tex 2010), the employer paid its employees commissions for selling its services to customers. However, the employer alleged that those commissions were not fully earned unless and until the employer earned its fees from the customer, and that the employer had a contractual right to adjust those commission payments if customers cancel orders on which the employer had already paid commission to its employees.  In its amended answer, Credit Solutions of America, Inc. asserted counterclaims seeking a set off prepayments of allegedly unearned commissions against whatever liability it may incur as a result of the employees' FLSA claims. The Court, relying on *Brennan,* reasoned that employer's counterclaims for set-off were barred because they would result in the employee's compensation to fall below the minimum requirements for overtime pay. *Id* at *3.

In this case, Gold Cup's counterclaims, all of which seek a set-off, would also result in the Plaintiff's compensation falling below the minimum wage.  Plaintiff has received no compensation whatsoever from Gold Cup.  The Plaintiff's sole compensation was tips received from club patrons.  Therefore, Gold Cup's motion for leave to assert counterclaims for breach of contract and unjust enrichment must be denied.

The same analysis applies with equal force to the off-set counterclaims couched as "promissory estoppel" and "money had and received."  Both of these state law claims seek the same result as the breach of contract and unjust enrichment counterclaims.  In particular, under Defendant's promissory estoppel claim, Defendant asserts Plaintiff, if she prevails on her minimum wage claim, owes Defendant the exact amount of minimum wages the court finds is due the Plaintiff (*See* Doc. 15, ¶¶ 14-18)(Gold Cup has suffered . . . the "potential liability exposure in this lawsuit.") *Brennan* and its progeny prohibit such claims.  Under Defendant's

counterclaim for "money had and received," Defendant asserts that, if Plaintiff prevails, she must return her tips to defendant, again thereby reducing her direct wage from Defendant below the minimum wage (*See* Doc. 15, ¶¶ 24-25)("Ms. Coronado holds money in an amount equal to the vast majority of the proceeds from her dances, which, in equity and god conscience, belongs to Gold Cup.").   The declaratory judgment claim is so vague that plaintiff cannot ascertain the specific relief sought, but Defendant presumably seeks an off-set of its minimum wage obligations. All of Defendant's counterclaims would result in a sub-minimum wage recovery and, therefore, are impermissible.

### 2.   Gold Cup failed to sufficiently plead facts that plausibly suggest an agreement was breached by the Plaintiffs.

Gold Cup alleges in its counterclaims that it is entitled to an offset for damages suffered as a result of Plaintiff's breach of the Independent Contractor Agreement.  Of course, for its counterclaims to exist, Gold Cup must allege facts of an actual breach as a condition precedent to bringing the claim.  However, in its counterclaims, Gold Cup only alleges an *anticipatory breach in the future* if it is determined to owe the Plaintiff unpaid wages and additional damages pursuant to the FLSA.  As such, Gold Cup has pled that no actual breach of agreement has occurred at this time or may ever occur.  The same holds true for all of its counterclaims because they are premised on Plaintiff prevailing.  The counterclaims are not ripe.

The facts as pled by Gold Cup in its counterclaims do not permit this Court to infer the possibility of a breach of agreement.  In fact, the allegations as plead by Gold Cup show that no breach has occurred or may ever occur and Gold Cup is, therefore, not entitled to even make a claim for such relief.

At best, Defendant has misstated affirmative defenses as counterclaims.  To be clear, Gold Cup's claims are 100% derivative from Plaintiff prevailing on her claims.  In other words,

if Plaintiff were to dismiss her claim outright, Defendant would have not claim. As such, the claims, if anything are affirmative defenses and not counterclaims at all.

### 3.   Under no legal circumstance could Gold Cup prevail on its counterclaim because it is based on a legal impossibility.

Gold Cup presents a claim that is logically and legally impossible.  Specifically, Gold Cup maintains that it will be entitled to damages under several theories of recovery if Plaintiff prevails on her minimum wage and overtime claims.  However, the general rule under Texas law is that no accounting or recovery of profits can be had by one party to an illegal contract against another. *See Packard v. OCA Inc.*, 624 F.3d 726 (5th Cir. Tex. 2010).  Accordingly, if Plaintiff succeeds on her claims, the contract, which is at the very heart of Gold Cup's counterclaim, will be found in violation of the FLSA because it illegally misclassifies employees as contractors. From that premise, Gold Cup cannot be heard to argue that the illegal contract was breached. Nor can the other theories (promissory estoppel, money had and received, and unjust enrichment) survive because they are all likewise based on representations in the illegal contract.

### 4.   Gold Cup's counterclaim for promissory estoppel is futile because it unreasonably relied on an illegal contract.

Gold Cup claims it reasonably and substantially relied on Ms. Coronado's promise under the Independent Contractor Agreement "that she was not an employee for any purpose, including for purposes of the FLSA." Doc. 15, p.4 ¶14.   Based on this reliance, Gold Cup argues that it decided to "not pay Ms. Coronado a wage as an employee…." *Id*.  Also, that as a result of Plaintiff's promise and representation, "Gold Cup has suffered damages, including…Gold Cup's potential liability exposure in this lawsuit."  This argument fails because Gold Cup is a sophisticated business which could not have reasonably relied on Ms. Coronado's alleged promise for purposes of compliance with the FLSA.  Further, an illegal contract such as the

7

Independent Contractor Agreement cannot be relied upon due to its illegality. Defendant should not be allowed to make this futile claim.

"Promissory estoppel is a cause of action available to a promisee who has acted to her detriment in reasonable reliance on an otherwise unenforceable promise." *Brush v. Wells Fargo Bank, N.A.,* 911 F. Supp. 2d 445, 469 (S.D. Tex. 2012), reconsideration denied (Feb. 27, 2013). "The elements of a promissory-estoppel claim are (1) a promise; (2) foreseeability of reliance by the promisor; (3) actual, substantial, and reasonable reliance by the promisee to its detriment; and (4) injustice that can be avoided only by enforcement of the promise." *George-Baunchand v. Wells Fargo Home Mortg., Inc.*, CIV.A. H-10-3828, 2011 WL 6250785 *8 (S.D. Tex. Dec. 14, 2011) (J. Rosenthal) (*citing, Ellen v. F.H. Partners, LLC*, 03-09-00310-CV, 2010 WL 4909973 *4 (Tex. App.—Austin Dec. 1, 2010, no pet.)). "*[J]ustifiable reliance* comprises two elements: (1) the plaintiff must in fact rely on the information; and (2) the reliance must be reasonable." *Scottish Heritable Trust, PLC v. Peat Marwick Main & Co.,* 81 F.3d 606, 615 (5th Cir. 1996). "The justifiableness of the reliance is judged in light of the plaintiff's intelligence and experience." *Karna v. BP Corp. N. Am., Inc.,* CIV.A. H-12-0101, 2013 WL 1155485 *25 (S.D. Tex. Mar. 19, 2013) (internal citations omitted). "A plaintiff's reliance is unjustified when the reliance is in effect an act of negligence on the plaintiff's part." *Id*; *see also, Clardy Mfg. Co. v. Marine Midland Bus. Loans Inc.*, 88 F.3d 347, 358 (5th Cir. 1996) ("To the extent that John Clardy, Jr., in fact relied on Norvet's representation, this reliance was, under the circumstances and in light of John Clardy, Jr., and Berman's business sophistication, an act of negligence.").

Employers have an affirmative duty to comply with the FLSA.[3]  It is wholly unreasonable for Gold Cup to argue that it relied on an employee's promise to be misclassified as

---

[3] 29 U.S.C.A. § 206; 29 U.S.C.A. § 207.

8

an independent contractor.  The effect would be to reward the employer for forcing its employees to execute an agreement that misrepresents the true relationship.  Gold Cup is managed and owned by businessmen who have managed/owned at least four other clubs for the better part of a decade.  Further, the law has been well established for years that exotic dancers are employees under the FLSA, not independent contractors.[4]  Given its sophisticated nature and years of experience in the industry, Defendant's reliance on Ms. Coronado's alleged promise to be an independent contractor is not reasonable.

Further, promissory "estoppel will not make an illegal contract enforceable." *Johnson v. McLeaish*, No. 05-94-01673-CV, 1995 WL 500308 *10 (Tex. App. -- Dallas Aug. 23, 1995) (quoting *Wheeler v. White*, 398 S.W.2d 93 96-97 (Tex. 1965); *see also, Packard v. OCA, Inc.*, 4:05CV273, 2009 WL 3172106 (E.D. Tex. Sept. 29, 2009) aff'd, 624 F.3d 726 (5th Cir. 2010) ("Ignorance of the law is no excuse."). "If the court finds that the parties entered in an illegal contract, no party will be afforded any recovery based on the agreement." *Haub v. Axon Downhole Tools, Inc*., CIV.A. H-12-3658, 2013 WL 6731937 (S.D. Tex. Dec. 19, 2013). Accordingly, for Plaintiff to prevail on her claim, the court must conclude the Independent Contractor Agreement misclassified her as an independent contractor. Such contracts are unenforceable and, therefore, cannot for the basis of a promissory estoppel claim.

### 5.  Gold Cup cannot prevail on its cause of actions for money had and received and unjust enrichment.

Gold Cup argues that if plaintiff prevails on her FLSA claim it expects to be compensated the vast majority of her proceeds. Once again, Gold Cup ignores the crux of this dispute. A person may not claim they are entitled to proceeds resulting from an illegal agreement. *See Johnson*, No. 05-94-01673-CV, 1995 WL 500308 *10 (Tex. App. -- Dallas Aug. 23, 1995)

---

[4] *Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 330 (5th Cir. 1993).

(*citing Araiza v. Chapa*, 319 S.W.2d 742, 744 (Tex. Civ. App.--San Antonio 1958, writ ref'd n.r.e.).   If Plaintiff successfully maintains her cause of action under the FLSA and is owed minimum wages, Gold Cup cannot argue the illegal contract entitles it to money she received.

> **6. Defendant's Declaratory Judgment for Reformation of Independent Contractor Agreement should be denied as there is no jurisdiction, it is improperly pled, it is not ripe, and it is futile.**

Defendant asks for a declaratory judgment for reformation of an Independent Contractor Agreement.   However, Defendant has pled no facts establishing this Court has jurisdiction over the declaratory judgment action.   "[I]t is well established that the Declaratory Judgment Act does not, of itself, confer jurisdiction upon federal courts."   *Stuart Weitzman, LLC v. Microcomputer Res., Inc.,* 542 F.3d 859, 861-62 (11th Cir. 2008).   As this Court has stated, "'[t]he operation of the Declaratory Judgment Act is procedural only."   *Halliburton Co. Benefits Comm. v. Mem'l Hermann Hosp. Sys.,* CIV.A. H-04-1848, 2006 WL 148901 *2 (S.D. Tex. Jan. 19, 2006) (citing *Household Bank v. JFS Group,* 320 F.3d 1249, 1253 (11th Cir.2003).   "If there is an underlying ground for federal court jurisdiction, the Declaratory Judgment Act 'allow[s] parties to precipitate suits that otherwise might need to wait for the declaratory relief defendant to bring a coercive action.'"   *Id.,* (citing *Gulf States Paper Corp. v. Ingram,* 811 F.2d 1464, 1467 (11th Cir.1987).

> **a.     There is no jurisdiction to hear the reformation claim as there is no diversity of jurisdiction and the claim for reformation arises under state law, not federal.**

Jurisdiction over a declaratory judgment action can be based on federal question jurisdiction or diversity jurisdiction.   Here, there is no diversity of jurisdiction as both Ms. Coronado and Defendant Gold Cup are residents of Texas.   *See* Doc. No. 5, p. 2 ¶ 10 (Defendant's Answer); *see also,* Doc. No. 1 p. 2, ¶ 8 (Plaintiff's Complaint).   For federal

question jurisdiction, the Court must first hypothetically assume that the declaratory judgment defendant, who normally would be the plaintiff in a traditional suit for damages, filed suit first. *Stuart Weitzman, LLC,* 542 F.3d at 862 ("Our inquiry is thus 'whether, absent the availability of declaratory relief, the instant case could nonetheless have been brought in federal court.'")

Additionally, the court must determine (1) if such a suit would arise under federal law or (2) if some element of the claim would necessarily depend on the resolution of a substantial, disputed question of federal law. *City of Huntsville v. City of Madison*, 24 F.3d 169, 172 (11th Cir. 1994). A suit for reformation of a contract would not arise under federal law. The elements,[5] although not pled by Defendant Gold Cup, for "Reformation of an Independent Contractor Agreement" are not dependent upon resolution of federal law since it arises under state contract law.

Even if this court finds that there is federal question jurisdiction under the Declaratory Judgment Act, "[d]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites.'" *Halliburton Co. Benefits Comm. v. Mem'l Hermann Hosp. Sys.*, CIV.A. H-04-1848, 2006 WL 148901 *4 (S.D. Tex. Jan. 19, 2006) (J. Rosenthal) (citing *Wilton v. Seven Falls Co.,* 515 U.S. 277, 282 (1995)). "The Declaratory Judgment Act is 'an enabling act, which confers discretion on the courts rather than an absolute right on a litigant.'" *Id.* (citing *Sherwin-Williams Co. v. Holmes County,* 343 F.3d 383, 387 (5th Cir.2003)). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims

---

[5] "Reformation of a contract requires two elements: (1) an original agreement; and (2) a mutual mistake, made after the original agreement, in reducing the original agreement to writing. 'One seeking reformation of a written instrument must prove that the erroneously written, included, or omitted provision in the instrument was there or was omitted by mutual mistake.'" *Lexington Ins. Co. v. Chicago Ins. Co.*, CIV. A. H-06-1741, 2008 WL 3538700 *19 (S.D. Tex. Aug. 8, 2008).

within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.*\*6 ("Although this court has subject-matter jurisdiction under the Declaratory Judgment Act, it is jurisdiction that this court declines to exercise."); *see also*, *Ohio Nat. Life Assur. Corp. v. Riley-Hagan*, CIV.A. H-08-2285, 2008 WL 5158089 \*10 (S.D. Tex. Dec. 9, 2008) (J. Rosenthal) ("This court declines to exercise its jurisdiction and dismisses this declaratory judgment action, without prejudice.").

### b. Defendant's Declaratory Judgment is not properly pled.

A complaint for declaratory relief must meet the Fed. R. Civ. P. 8(a) pleading standards. The complaint should include, (1) the identities of the parties to the dispute who have a claim or interest that would be affected by the declaration, (2) the facts giving rise to jurisdiction and venue, (3) a short plain statement showing that there is an actual and substantial case or controversy entitling the plaintiff to declaratory relief; (4) why declaratory relief is necessary; and (5) the relief requested. *Columbia Gas transmission Corp. v. Drain*, 237 F.3d 366, 370 (4th Cir. 2001). Here, Defendant has failed to meet the requirements of elements two through five.

While reformation of a contract is a recognized cause of action in Texas, Defendant has not pled the elements of the claim. "When there has been a mistake of one party, accompanied by fraud or other inequitable conduct of the remaining party, the instrument may be made to conform to the agreement or transaction entered into, according to the intention of the parties." *Liu v. Yang,* 69 S.W.3d 225, 228 (Tex. App.—Corpus Christi 2001, no pet.). "In order to be entitled to reformation of an agreement, a party must plead either mutual mistake or unilateral mistake accompanied by fraud or other inequitable conduct by the other party." *Id.* Here, Defendant does not plead mutual mistake or fraud, and also does not plead why declaratory relief is necessary.

Further, Defendant does not clearly state *what relief* it is requesting.  Defendant merely states that it wants the court to grant a "declaratory judgment reforming the terms of the contract to *reflect what would have been the parties' agreement in the absence of the FLSA provision and the consideration for which such term bargained*." (Doc. 15, p. 4)(emphasis added).  However, Defendant provides no description of what it believes the parties' agreement would have been.  Accordingly, Defendant's declaratory judgment fails as being improperly pled.

> ### c.   There is no a case or controversy because this court has not ruled on the validity of the Independent Contractor Agreement.

Further, "[t]he Declaratory Judgment Act permits a federal court '*in a case of actual controversy* ... upon the filing of an appropriate pleading' to 'declare the rights and other legal relations' of parties, 'whether or not further relief is or could be sought.'" *Brown v. Chevron Phillips Chem. Co., LP*, CIV.A. H-11-2896, 2013 WL 5496827 *3 (S.D. Tex. Sept. 30, 2013) (J. Rosenthal) (citing 28 U.S.C. § 2201(a)) (emphasis added).  "An 'actual controversy' is a dispute that is 'definite and concrete, touching the legal relations of parties having adverse legal interests.'" *Id.* (citing, *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).  "The controversy 'must be of a justiciable nature, thus excluding an advisory decree upon a hypothetical state of facts.'" *Id.* (citing, *Tex. Cent. Business Lines Corp. v. City of Midlothian*, 669 F.3d 525, 534 (5th Cir.2012)).  "It 'must be such that it can presently be litigated and decided and not hypothetical, conjectural, *conditional* or based upon the possibility of a factual situation that may never develop.'" *Id.* (citing, *Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir.1989)) (emphasis added); *see also, Accardo v. Am. First Lloyds Ins. Co.*, CIV.A. H-11-0008, 2012 WL 1576022 *2 (S.D. Tex. May 3, 2012) ("If the purported injury is contingent on future events that may not occur as anticipated, or indeed may not occur at all, the claim is not ripe for adjudication.").  "The burden is on the plaintiff to establish by a preponderance of the evidence

the existence of an actual controversy." *Id*; *Shell Oil Co. v. Amoco Corp.*, 970 F.2d 855, 877 (Fed. Cir. 1992) ("The party who seeks declaratory relief bears the burden of establishing, by a preponderance of the evidence, that there is an actual controversy.").

Here, Defendant has, at best, pled a controversy which may arise in the future, which is not enough.  The conditional nature of Defendant's counterclaim for declaratory relief is stated in the first few words of the claim: "***in the event*** this Court determines that . . ." Doc. 15, p. 3-4 ¶13 (emphasis added).  However, there has not been a determination made regarding the validity of the Independent Contractor Agreement or the Plaintiff's employment status.  Therefore, Defendant's request for leave to file a Declaratory Judgment action should be denied.  *See*, *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985) (claim based on possible future injury, so no case or controversy); *Public Water Sup Dist. V. City of Kearney* 401 F.3d 930, 932-33 (8th Cir. 2005) (case not ripe because no impeding injury; declaratory judgment not appropriate); *Brown*, 2013 WL 5496827 *4 (S.D. Tex. Sept. 30, 2013) (finding that there is no case or controversy); *Accardo v. Am. First Lloyds Ins. Co.,* CIV.A. H-11-0008, 2012 WL 1576022 *3 (S.D. Tex. May 3, 2012) (J. Rosenthal) (breach of contract claim was not ripe on a UM/UIM claim because no determination of negligence on the uninsured motorist).

> **d.    Defendant's request for a declaratory judgment for reformation of the Independent Contractor Agreement is futile because courts cannot reform illegal contracts.**

Defendant's argument for reformation is futile as the relief sought is only sought in the event the Court finds the "Independent Contractor Agreement" illegal as to the classification Plaintiff.  The Supreme Court Stated in *Barrentine*, "[t]his Court's decisions interpreting the FLSA have frequently emphasized the nonwaivable nature of an individual employee's right to a minimum wage and to overtime pay under the Act.  Thus, we have held that FLSA rights cannot

be abridged by contract or otherwise waived because this would 'nullify the purposes' of 'the statute and thwart the legislative policies it was designed to effectuate.'" *Barrentine v. Arkansas-Best Freight Sys., Inc.,* 450 U.S. 728, 740 (1981).

Texas Courts have stated that, "[a] contract to do a thing which cannot be performed without violation of the law violates public policy and is void. The purpose behind this rule is not to protect or punish either party to the contract, but to benefit and protect the public. In Texas, parties to a contract are presumed to be knowledgeable of the law. Accordingly, courts will generally leave the parties as they find them." *Villanueva v. Gonzalez*, 123 S.W.3d 461, 464 (Tex. App.—San Antonio 2003, no pet.) (internal citations omitted); *see also, Packard v. OCA, Inc.,* 4:05CV273, 2009 WL 3172106 (E.D. Tex. Sept. 29, 2009) aff'd, 624 F.3d 726 (5th Cir. 2010) ("A contract to do that which is illegal is void.").

"If the court finds that the parties entered in an illegal contract, no party will be afforded any recovery based on the agreement. The court instead will leave the parties to themselves, in the same condition they occupied before seeking judicial relief." *Haub v. Axon Downhole Tools, Inc.*, CIV.A. H-12-3658, 2013 WL 6731937 (S.D. Tex. Dec. 19, 2013) (internal citations omitted). Defendant cannot seek declaratory relief in the form of reformation of a contract which is conditioned on the contract first being found to illegally waive Plaintiff's rights to minimum wage under the FLSA.

### 7. Defendant's claims are not "compulsory counterclaims" under Rule 13 because they are not "mature."

Defendant's counterclaims are not compulsory. Rule 13(a)(1) defines a compulsory counterclaim as the pleader has "at the time of its service." That is, before a claim will be considered "compulsory," the claim must be mature. *Eon Labs., Inc. v. Smithkline Beecham*

15

*Corp.*, 298 F. Supp. 2d 175, 181 (D. Mass. 2003). One court explained the maturity element of a compulsory counterclaim as follows:

> A party need not assert a counterclaim that has not matured at the time he serves his pleading, even if it arises out of the same transaction or occurrence as plaintiff's claim. *See Harbor Insurance Co. v. Continental Bank Corp.,* 922 F.2d 357, 361 (7th Cir.1990); 6 Wright, Miller & Kane 80–81. An illustration of this exception is a claim that depends on the outcome of another lawsuit and therefore does not come into existence until that lawsuit is completed. *Id.* at 82. For example, in *Burlington,* the plaintiff sued his employer for personal injury damages and was awarded $73,000. 907 F.2d at 708–09. Thereafter, the employer moved to set off a portion of the judgment representing the amount the employer's disability insurance had previously paid to plaintiff. *Id.* The court found that the employer's claim was not mature at the time of plaintiff's complaint. *Id.* at 712.

*Jupiter Aluminum Corp. v. Home Ins. Co.*, 181 F.R.D. 605, 608 (N.D. Ill. 1998) (citing

*Burlington Northern Railroad Co. v. Strong,* 907 F.2d 707, 711 (7th Cir.1990)).

Gold Cup's claim is like the one in *Burlington* which was not mature until after a separate lawsuit was concluded.  Here, Gold Cup has no current counterclaim for the reasons explained above (all the claims are conditioned on one more events occurring). In the event Defendant's counterclaims become mature, Defendant will not be estopped from asserting them in a separate case because they were not compulsory. Defendant's claims have other defects as explained above, but denying the pleading here would not estop Defendant from at least asserting them later on the grounds they were compulsory.

## VI.    <u>CONCLUSION</u>

WHEREFORE, Plaintiffs respectfully request that the Court deny Defendant's Motion for Leave to File Counterclaims, and for all other and further relief to which they may be justly entitled.

16

Respectfully submitted,

KENNEDY HODGES, LLP

By: /s/ *Galvin B. Kennedy*
      Galvin B. Kennedy
      State Bar No. 00796870
      Federal Bar No. 20791
      gkennedy@kennedyhodges.com
      711 W. Alabama St.
      Houston, TX  77006
      Telephone: (713) 523-0001
      Facsimile: (713) 523-1116

ATTORNEY IN CHARGE FOR PLAINTIFFS
& CLASS MEMBERS

OF COUNSEL:
Beatriz Sosa-Morris
State Bar No. 24076154
Federal Bar No. 1552137
KENNEDY HODGES, LLP
711 W. Alabama Street
Houston, Texas 77006
Telephone: 713-523-0001
Facsimile:  713-523-1116
Bsosamorris@kennedyhodges.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on all opposing parties by and through their attorney(s) of record via the Southern District's CM/ECF system on February 10, 2014.

      /s/ *Beatriz Sosa-Morris*
      Beatriz Sosa-Morris